]UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN P. KOTECKI,

    Plaintiff,

  v.                                                   Case No. 20-CV-1922-SCD

COSTCO WHOLESALE INCORPORATED,

    Defendant.

---

## SCREENING ORDER

---

On December 30, 2020, Stephen P. Kotecki filed a *pro se* complaint alleging that his former employer, Costco Wholesale Incorporated, discriminated against him on the basis of his age, race, and sex. Kotecki has requested a waiver of the $402 filing fee. Because it appears that Kotecki cannot afford that fee and that this action is not frivolous or malicious, doesn't fail to state a plausible claim, and doesn't seek monetary relief against an immune defendant, I will grant his request.

**REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

## I. Ability to Pay - § 1915(a)

Kotecki is currently employed as a census worker in a limited-term capacity. *See* ECF No. 2 at 2. He owns his own home, valued at $140,000, and an older minivan, valued at $2,000. *Id.* at 3. Kotecki also has about $2,500 in savings and a 401k worth approximately $8,000. *Id.* at 3-4. His total monthly expenses are $2,700. *Id.* at 3. Based on the above information, I find that Kotecki is unable to pay the fees and costs of commencing this action.

## II. Legal Sufficiency - § 1915(e)(2)

The second step of the inquiry requires me to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, I may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In

evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, I must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Complaint allegations

Kotecki's complaint contains the following allegations. For nearly four years, Kotecki worked at a Costco Wholesale store in New Berlin, Wisconsin. Despite being an exemplary worker with a perfect attendance record, Kotecki was frequently passed over for hundreds of transfer requests and promotions. The only one Costco granted was for the worst job in the warehouse and, even then, only because no one else wanted that position. While Kotecki satisfactorily performed this undesirable warehouse job, his manager, Jennifer Joven-Herr, harassed him, disciplined him without justification, and ignored his applications for other job opportunities within the company, all because of his age, race, and sex. Kotecki complained about his treatment at the hands of Joven-Herr to upper management, and he was eventually given an opportunity to qualify for a forklift job. He did well in training, but Joven-Herr concocted another false disciplinary charge, which resulted in Kotecki's termination. *See* ECF No. 1 at 2–4. Kotecki then filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, but the EEOC was unable to conclude that a violation had occurred. *See* ECF No. 1-1. As relief for this allegedly discriminatory treatment, Kotecki seeks damages, costs, benefits, and the firing of Joven-Herr. *See* ECF No. 1 at 5.

3

### B. Analysis

Liberally construed, the complaint appears to assert cognizable discrimination claims against Costco under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112—12117, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. Specifically, Kotecki asserts that his former employer discriminated against him, failed to promote him, and discharged him, all on account of his age, race, and sex. At this early stage, I cannot say that those allegations have no basis in either law or in fact. Moreover, the allegations are—at this stage at least—sufficient to state a claim on which relief can be granted. *See Clark* v. *Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) (citations omitted) ("The pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom."). And it does not appear that Costco is immune from suits seeking monetary relief under the above statutes.

### CONCLUSION

Having determined that the requirements of §§ 1915(a) and (e)(2) are satisfied, Kotecki's request to proceed without prepaying the filing fee, ECF No. 2, is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant. Even though the plaintiff has been permitted to proceed without paying the filing fee in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendant. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee

4

schedule is provided in Revision to United States Marshals Service Fees for Services. *See* 28 C.F.R. § 0.114(a)(2) and (a)(3). Although Congress requires me to order service by the U.S. Marshals Service precisely because plaintiffs allowed to proceed without paying the filing fee are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

All of the plaintiff's filings shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS; it will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff does not need to mail copies to the defendant. *See* E.D. Wis. Gen. L. R. 5(a). The defendant will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document for the plaintiff's own files.

Failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this entire action. In addition, the plaintiff must immediately notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

5

Case 2:20-cv-01922-SCD   Filed 02/12/21   Page 5 of 6   Document 5

**SO ORDERED** this  12th  day of February, 2021.

                                              _____
                                              STEPHEN C. DRIES
                                              United States Magistrate Judge