UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN P KOTECKI,

          Plaintiff,

    v.                                         Case No. 20-cv-1922-bhl

COSTCO WHOLESALE INCORPORATED,

          Defendant.

## ORDER GRANTING MOTION TO COMPEL DISCOVERY AND MODIFY SCHEDULE

      Discovery is not optional. Despite repeated attempts, Defendant Costco Wholesale Corporation has failed to convince *pro se* Plaintiff Stephen P. Kotecki of this fundamental truth. Having exhausted its patience and the allotted time for discovery, Defendant now asks the Court to compel Kotecki to provide his long overdue Fed. R. Civ. P. 26 initial disclosures as well as his responses to interrogatories. It also seeks an extension of the discovery and dispositive motion deadlines. For the reasons stated below, the motion will be granted. Kotecki is also admonished that if he does not comply with his discovery obligations, the Court will dismiss his case.

## BACKGROUND

      This case began on December 30, 2020 when Kotecki filed a complaint against Defendant (misnamed Costco Wholesale Incorporated) alleging employment discrimination. (ECF No. 1.) Defendant answered on April 19, 2021. (ECF No. 11.) The Court then set a scheduling conference for June 10, 2021. (ECF No. 13.) At Kotecki's request, the Court continued the conference to July 15, 2021 so that he might recruit counsel to represent him. (ECF No. 19.) On July 8, 2021, Kotecki asked for another extension to allow him even more time to find counsel. (ECF No. 20.) The Court acceded to his request and adjourned the scheduling conference to August 19, 2021. (ECF No. 21.) On August 10, 2021, Kotecki filed another motion requesting yet another extension because he still had not been able to find a lawyer. (ECF No. 22.) Again, the Court granted the motion and adjourned the scheduling conference, this time to October 21, 2021. (ECF No. 23.)

With the case having been pending for almost ten months, the Court also warned Kotecki that it would likely deny any additional requests for extensions. (*Id.*) Nevertheless, on October 6, 2021, Kotecki asked for a fourth extension of time to find counsel. (ECF No. 24.) This time, the Court denied the motion, and the scheduling conference finally took place on October 21, 2021. (ECF No. 25.) Per the Scheduling Order, the parties were to exchange initial disclosures on or before December 20, 2021, and all discovery was set to close on July 20, 2022. (*Id.*)

The docket went silent for nine months, until July 14, 2022, when Kotecki mailed the Court a letter that accused opposing counsel of "badgering, cornering, attempts at trapping & intimidation." (ECF No. 30 at 1.) Four days later, Defendant filed a motion explaining that the alleged "badgering" was merely its attempt to elicit initial disclosures, which were almost seven months past due. (ECF No. 31 at 1.) Because Kotecki continued to refuse to cooperate, Defendant asked the Court to compel him to respond to discovery and extend the discovery and dispositive motion deadlines. (*Id.* at 5.) The next week, Kotecki responded and requested that the Court find that Defendant had waived its right to discovery and dispositive motions and order the case to proceed to trial. (ECF No. 32 at 2.)

**ANALYSIS**

I.  **Kotecki Has Improperly Refused to Participate in Discovery and Must Do So If He Wishes to Pursue His Claims.**

All parties, including *pro se* plaintiffs, must comply with Rule 26's provisions governing discovery. *See Jennings v. Sallie Mae, Inc.*, 358 F. App'x 719 (7th Cir. 2009). Kotecki does not dispute that he has refused to do so. (ECF No. 32.) Instead, he frames the entire process as an unwarranted burden. He accuses opposing counsel of harassment, disrespect, and bullying. (ECF No. 30.) This "harassment" comprises all of four communications: (1) a May 19, 2022 letter that reminded Kotecki of his discovery obligations and requested responses to interrogatories; (2) a June 23, 2022 letter again reminding Kotecki of his discovery obligations and noticing a deposition; (3) a July 12, 2022 letter, which, again, requested initial disclosures and written discovery responses; and (4) a July 14, 2022 telephone call, during which Kotecki promised that he would soon send Defendant a letter, though he refused to divulge its contents. (ECF No. 31 at 2-3.) None of these constitute improper harassment.

Kotecki's initial disclosures were due on December 20, 2021. (ECF No. 29 at 1.) He has yet to produce them, even as of today, weeks after the close of *all discovery*. It is hard to imagine what could evince a greater "disrespect" for the opposing party, the Court, and the legal process

in general than this flagrant disregard of the most basic discovery obligations.  Kotecki argues that he "has not refused to provide information to [Defendant]" but has "simply taken the posture that [Defendant] need[s] to decide how they want to obtain it."  (ECF No. 32 at 1.)  But in its very first letter to Kotecki, Defendant asked him to provide his initial disclosures "as soon as possible, either via email [to the address listed] or via mail, to the address listed in this correspondence."  (ECF No. 31-1 at 2.)  It is therefore disingenuous to suggest that the hold up relates in any way to Defendant's indecisiveness or to feign confusion about how Defendant "want[ed] to obtain" discovery.

Defendant did not initiate this litigation; Kotecki did.  If he wants to make use of the federal court to pursue his case, Kotecki must comply with his discovery obligations under this Court's orders and the Federal Rules of Civil Procedure.  Thus far, he has not done so.  His excuses are unavailing, and his history of dilly-dallying belies his proclamations of good faith.  Accordingly, the Court will offer him an ultimatum: participate in discovery or your case will be dismissed as a sanction.  *See Jennings v. Principi*, 114 F. App'x 224 (7th Cir. 2004) (upholding a district court's decision to dismiss a plaintiff's claims when she refused to comply with discovery requests despite a Court order).

## II. There is Good Cause to Modify the Schedule.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment."  *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

In this case, Defendant repeatedly attempted to advise Kotecki of his discovery obligations and obtain his responses.  He refused to comply.  Thus, through no fault of its own, Defendant did not receive any discovery responses and could not take Kotecki's deposition.  But because it acted diligently in seeking an extension, the Court finds good cause to modify the schedule.  Accordingly, to allow a full and fair exchange of information and time for a deposition, the Court will modify its scheduling order and extend the discovery deadline.  Defendant may wish to serve requests for admission, which will be deemed admitted if Kotecki fails to respond timely, setting up a potential summary judgment motion.

Additionally, to give the parties time to prepare summary judgment motions, the Court will also extend the dispositive motion deadline.  Finally, the Court will cancel the currently scheduled

trial and pretrial conference dates. If necessary, the Court will set new dates after resolution of dispositive motions.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to compel discovery and modify the scheduling order, ECF No. 31, is **GRANTED**. Plaintiff Stephen Kotecki must provide his initial disclosures and answers to any outstanding discovery requests within **14 days** of the date of this order. If he fails to do so, the Court will issue appropriate sanctions, which may include forfeiture of his claims and dismissal of this case. The Court will also extend the discovery cutoff to allow the parties time to exchange information and take depositions. All discovery will now close on **October 3, 2022**. The Court will also extend the dispositive motion deadline. Dispositive motions must now be filed on or before **October 3, 2022**. Finally, the currently scheduled trial and final pretrial conference are **cancelled**. The Court will set new dates for trial and final pretrial, if necessary, following the resolution of any dispositive motions.

Dated at Milwaukee, Wisconsin on August 9, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge