UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN P KOTECKI,

                Plaintiff,

                                                                               Case No. 20-cv-1922-bhl

      v.

COSTCO WHOLESALE INCORPORATED,

                Defendant.

## ORDER GRANTING MOTION TO DISMISS

      Though pending for two years, this case has hardly budged past the pleading stage. Plaintiff Stephen P. Kotecki filed his complaint on December 30, 2020, yet, as of the date of this Order, has still not provided Defendant Costco Wholesale Corporation with a set of initial disclosures that even facially comply with Fed. R. Civ. P. 26(a). As a result, Costco remains largely unaware of the factual basis for Kotecki's claims, and what began as a *pro se* lawsuit for alleged violations of the Age Discrimination in Employment Act has become a protracted game of keep away. Because Kotecki is proceeding *pro se*, the Court has largely forgiven his procedural errors and repeatedly allowed him extra time at nearly every turn. He has repaid that patience with further excuses and delay. Exasperated, Costco has moved to dismiss under Federal Rules of Civil Procedure 41(b) and/or 37(b). (ECF No. 35.) Because the record shows Kotecki has declined numerous chances to prosecute his case and has repeatedly disobeyed Court orders, the motion will be granted.

## BACKGROUND

      Although this case remains at the earliest stages of discovery, it began nearly two years ago, on December 30, 2020, when Kotecki filed a *pro se* complaint alleging age discrimination and retaliation. (ECF No. 1.) Delays began almost immediately. Just over a month after Costco's answer, Kotecki asked to stay the proceedings, citing "a plethora of much delayed medical, dental & vision procedures." (ECF No. 15 at 1.) The Court declined to stay the case altogether but agreed to continue the Rule 26(f) scheduling conference to allow Kotecki additional time to seek

legal representation. (ECF Nos. 17-19.) The Court also mailed Kotecki a copy of the Court's guide for pro se litigants. (*See* ECF No. 19 at 1.)

Before the continued scheduling conference could take place, Kotecki requested an even longer continuance, lamenting the paucity of available attorneys. (ECF No. 20 at 1.) His July 8, 2021 motion also indicated that, "[a]lthough progress [was] being made," he needed "more time to fulfill this retention process." (*Id.*) To ensure Kotecki had the time he needed to retain counsel, the Court granted his motion and again continued the scheduling conference, this time until August 19, 2021. (ECF No. 21.)

On August 10, 2021, Kotecki, still unrepresented, filed another motion for an extension of time. (ECF No. 22.) This time he blamed his predicament on delays in the Milwaukee Equal Employment Opportunity Commission Office and the legal profession's affinity for summer vacation and, "with sorrow in [his] heart," requested a third continuance. (*Id.* at 1.) The Court granted this motion too, continuing the scheduling conference to October 21, 2021. (ECF No. 23.) In doing so, the Court warned Kotecki that "any additional requests for an extension [would] likely not be granted." (*Id.*)

Despite the Court's warning, Kotecki filed another request for an extension on October 6, 2021. (ECF No. 24.) This time, he sought an additional 60 days, stating: "A multitude of medical appointments & referrals to specialists, together with a couple of surgeries & a plethora of physical therapy sessions has bestowed a clog in achieving my goal of consulting with attorneys on their schedules of availability." (*Id.*) True to its prior warning, the Court denied the motion and proceeded with the long-pending scheduling conference on October 21, 2021. (ECF Nos. 25 & 27.) The Court then issued a Scheduling Order under which the parties were to exchange initial disclosures by December 20, 2021; complete fact and expert discovery by July 20, 2022; and file dispositive motions by August 1, 2022. (ECF No. 29 at 1-2.)

The docket then went silent for nine months during which the Court assumed the parties would conduct discovery and move the case forward. But that did not happen. Instead, on July 14, 2022, Kotecki mailed the Court an unprompted letter accusing opposing counsel of "badgering, cornering, attempts at trapping & intimidation." (ECF No. 30 at 1.) He decried the "unscrupulous tactic[s]" used to "manipulate[,] twist and confuse" him and implied that defense counsel had fabricated evidence. (*Id.* at 1-2.) Costco shed further light on these accusations in a July 18, 2022 motion to compel in which it explained that its "unscrupulous tactics" were in fact an effort to

elicit long-overdue initial disclosures and interrogatory responses, (ECF No. 31 at 2), which Kotecki had withheld on the ground that he does not "work for [opposing counsel]" or "their . . . client." (ECF No. 30 at 2.)

Kotecki responded to Costco's motion with another censorious, self-pitying letter wherein he painted himself the victim of a crooked paper chase. (ECF No. 32.) Instead of simply providing the overdue discovery responses or explaining why he could not, he asked the Court to hold that Costco had waived its right to discovery and dispositive motions and order the case to proceed to trial. (*Id.* at 2.) Based on the parties' filings, the Court granted Costco's motion on August 9, 2022 and directed Kotecki to provide both his long-overdue initial disclosures and his answers to any outstanding discovery requests within 14 days. (ECF No. 33 at 4.) The Court warned him that a failure to participate in discovery could result in dismissal of his claims. (*Id.* at 3.)

On August 23, 2022, Kotecki docketed an affidavit that included his responses to Costco's interrogatories. (ECF No. 34.) The filing confirmed that most of his responses amounted to little more than continued obstructionism. For example, when asked to identify anyone who committed, witnessed, or had knowledge of the acts contributing to his allegations, Kotecki said: "I do not have this information available at this time." (ECF No. 34 at 4; ECF No. 35 at 3.) When asked to describe his damages, he replied: "The damages I seek at this time are unspecified." (*Id.*) When asked to identify medical professionals who examined him in relation to his asserted emotional distress, Kotecki stated: "I do not have this information assembled at this time." (*Id.*) When asked to identify promotional or lateral opportunities he believes he should have received, he wrote a paragraph comparing Costco to a cult and then said that the company already had all of his applications and should "pick any of [them]." (ECF No. 35 at 3-4.) When asked to identify individuals he believes Costco improperly promoted instead of him, Kotecki claimed that "without formal names of fellow employees & the knowledge of precisely what position each was performing on a given day . . . this question is impossible to answer." (*Id.* at 4.)

On September 30, 2022, Costco filed the instant motion to dismiss, underscoring that Kotecki had still not provided his initial disclosures and had also forced the cancellation of a noticed deposition and ignored requests for production of documents. (ECF No. 35 at 1-5.) Two weeks later, Kotecki moved to stay the case again, this time because of an unexpected death in his family and his mother's health. (ECF No. 37.) On October 17, 2022, the Court denied that motion but granted Kotecki an additional 14 days to file his response to Costco's pending motion. (ECF

No. 38.) That response arrived on November 4, 2022. Kotecki cited no caselaw and instead premised his defense on accusations against Defense counsel, who he claimed were trying to "cover-up their Client's wrongdoing(s)" by portraying Kotecki "in a demonic fashion." (ECF No. 40 at 1.)

## LEGAL STANDARD

Both Rule 41(b) and 37(b) permit dismissal as a sanction, and while the standards for dismissal overlap, "there are differences between the two." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). "Under Rule 41(b), a case should only be dismissed when 'there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Id.* (quoting *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *overruled on other grounds by Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)). "Rule 37, on the other hand, requires a finding of willfulness, bad faith or fault on the part of the defaulting party." *Id.* Rule 41(b) is the stricter of the two, so "a finding of willfulness, bad faith or fault is only necessary if Rule 41(b)'s 'clear record' of delay is not present." *Id.* If a finding of willfulness, bad faith, or fault does become necessary, it must be made "by a preponderance of the evidence." *Ramirez*, 845 F.3d at 778.

## ANALYSIS

While the Court is reluctant to dismiss cases without addressing the merits, Kotecki's conduct warrants such action. Indeed, the record shows his clear pattern of inexcusable delay. While the Court has exercised patience due to Kotecki's *pro se* status, that patience has its limits. Costco did not start this litigation; Kotecki did. And despite two years of extensions and Court warnings, he has done virtually nothing to satisfy even the most basic duties of a federal court plaintiff. Twenty-three months into the case, he continues to withhold his initial disclosures, has delivered only curt and unhelpful responses to interrogatories, and refuses to produce documents entirely within his control. (ECF No. 35 at 4-6.) Even worse, he has done so in contravention of court orders. On August 9, 2022, the Court explicitly warned Kotecki that it would not tolerate further dalliance and would dismiss his case if he did not comply with his discovery obligations. (ECF No. 33 at 1, 3-4.) His subsequent behavior has left the Court no choice but to follow through on its prior warnings. Enough is enough.

Dismissal is warranted under both Rule 41 and 37. The record is littered with motions and letters from Kotecki demonstrating contumacious conduct. *See Aura Lamp & Lighting, Inc. v.*

*Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (affirming dismissal for want of prosecution under Rule 41(b) when a litigant failed to comply with discovery for at least three months despite repeated Court intervention). He stalled for most of 2021—while allegedly seeking counsel—although the vagueness and brevity of his updates bring his diligence in that search into question. (ECF Nos. 15, 20, 22, 24.) Even giving him the benefit of the doubt on those delays, his failure to provide initial disclosures at this late date—they are now *eleven* months overdue and counting—shows unwarranted and indeed obnoxious delay. (ECF No. 35 at 6.) Kotecki has also forced Costco to cancel a noticed deposition. (ECF No. 31 at 2-3.) And he has not yet produced any documents concerning his claims. (ECF No. 35 at 4.) This is a clear record of improper and unnecessary delay and a failure to prosecute within the meaning of Rule 41(b).

Like all plaintiffs, Kotecki has a right to pursue relief against the company he claims wronged him. But that right does not include the ability to impose costly delays on opposing counsel, his opponent, or the Court. Costco should not have to remain under the shadow of claims that it engaged in age discrimination while also incurring the costs of an ongoing defense simply because its accuser is unwilling to participate in his own case. Kotecki has not prosecuted this action and, despite warnings, shows no desire to start. Indeed, even months after the close of all discovery, he has not so much as requested from Costco any of the information necessary to prove his claims. (*Id.* at 6-7.) Dismissal under Rule 41(b) is, thus, warranted.[1]

In the alternative, dismissal is also justified for Kotecki's failure to comply with Court orders under Rule 37(b). The Seventh Circuit has affirmed dismissal under Rule 37(b) where a plaintiff failed to meet deadlines despite several extensions and submitted incomplete responses to interrogatories. *See Watkins v. Nielsen*, 405 F. App'x 42, 45 (7th Cir. 2010). It also affirmed dismissal when a plaintiff repeatedly failed to meet deadlines and ignored a warning of impending dismissal. *See Aura Lamp*, 325 F.3d at 904-06. The conduct here is beyond that at issue in those two cases. Indeed, at the very least, the record shows that Kotecki acted with "fault," which is defined as "unreasonable behavior" and conduct that is not "a mere mistake." *Long v. Steepro*,

---

[1] It is also worth noting that Kotecki has habitually and baselessly impugned Defense counsel's character. (*See, e.g.*, ECF No. 30 at 2 (decrying Defense counsel's "attempts to cajole & hoodwink [Kotecki] in their inveigle ways"); ECF No. 32 at 1 (accusing Defense counsel of "attempt[ing] to undermine the pursuit of carrying out justice & thereby reinforc[e] their client's representatives' wrongdoings"); ECF No. 40 at 3 ("This is Defendant's Counsel defiantly putting themselves into the face of the Plaintiff & stating that they will bury this Plaintiff by complicating matters to the Nth. Degree.")). Some hyperbole is the natural byproduct of an adversarial justice system, but Kotecki's papers frequently venture far beyond chest-puffing and into the realm of ad hominem. This contumacious conduct further justifies dismissal.

213 F.3d 983, 987 (7th Cir. 2000). He was informed of the consequences of continuing down the road of delay and insubordination, yet he chose to continue down that path all the same. The record, therefore, fully supports dismissal under Rule 37(b). *See Brown*, 664 F.3d at 191.

## CONCLUSION

This Court gave Stephen Kotecki every opportunity to press his claims. He elected not to. His time has run out, and his case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Costco's Motion to Dismiss, ECF No. 35, is **GRANTED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge